**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Steven L. Bromley

    v.                                  Civil No. 08-cv-161-JL

State of Utah, et al.

**REPORT AND RECOMMENDATION**

Petitioner has sued the State of Utah and several of its officers who have garnished his wages in New Hampshire, purportedly for child support.  Petitioner alleges that he was denied due process and that the garnishment order was obtained without any notice or opportunity to be heard, all in violation of 15 U.S.C. § 1673.  He seeks a temporary restraining order.[1]

I recommend that the temporary restraining order be denied because at this point Bromley has neither shown irreparable injury nor certified in writing the efforts made to give notice of the injunctive request to the defendants or any reasons why

_____

[1]It should be noted that petitioner filed a nearly identical action in this Court in 2006, seeking the same relief sought here and brought against the same defendants.  See Bromley v. State of Utah, Civ. No. 06-cv-181-JD.  That case was dismissed without prejudice when Bromley failed to prosecute the matter.

notice should not be required.  <u>See</u> Fed. R. Civ. P. 65(b).[2]  I

further recommend that a preliminary injunction hearing be set

and that petitioner be ordered to serve his pleading, a copy of

this report, and a copy of the scheduling order at least seven

(7) days prior to the hearing.  Because Bromley is proceeding in

this matter in forma pauperis, he is entitled to have the United

State's Marshal's office serve the defendants.  Accordingly, I

direct the Clerk's office to forward to the United States

Marshal's office copies of this Report and Recommendation, the

complaint (document no. 1), and the scheduling order for the

preliminary injunction hearing, for service on the defendants.

Any objections to this report and recommendation must be

filed within ten (10) days of receipt of this notice.  Failure to

file objections within the specified time waives the right to

---

[2]Fed. R. Civ. P. 65(b) states, in relevant part, as follows:

> [T]he court may issue a temporary restraining
> order without written or oral notice to the
> adverse party or its attorney only if: (A)
> specific facts in an affidavit or a verified
> complaint clearly show that immediate and
> irreparable injury, loss, or damage will result to
> the movant before the adverse party can be heard
> in opposition; and (B) the movant's attorney
> certifies in writing any efforts made to give
> notice and the reasons why it should not be
> required.

appeal the district court's order.  See Unauthorized Practice of

Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).


_____

James R. Muirhead
United States Magistrate Judge

Date:      September 23, 2008

cc:        Steven L. Bromley, pro se