UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Steven L. Bromley

    v.                                                          Civil No. 08-cv-161-JL

State of Utah, et al.[1]

**REPORT AND RECOMMENDATION**

      This matter comes before me on Steven Bromley's request for an injunction preventing defendants from withholding his wages (document no. 1). A hearing was held on this matter on November 13, 2008. In addition to the evidence and argument adduced at the hearing, the parties have filed memoranda addressing several questions of law that arose at the hearing. After considering all of the material submitted, and as explained fully herein, I recommend that the request for preliminary injunction be denied.

---

    [1]In addition to the State of Utah, Bromley names Utah Attorney General Mark L. Shurtleff, Assistant Utah Attorney General Ben Stoneman, the Utah Department of Human Services ("UDHS"), UDHS Director Lisa-Michele Church, the Office of Recovery Services for the State of Utah, Colleen Berrett, and Luann Jenson as defendants to this action.

Background

Steven Bromley married Jennifer Bromley in New Hampshire in January of 2003. They had a child in October of 2003. Shortly thereafter, Steven was incarcerated in New York. During his incarceration, Jennifer gave birth to the Bromleys' second child.[2] In May of 2004, Jennifer left New Hampshire and moved to Utah. In December of 2004, Jennifer filed a petition for divorce in a Utah state court.

Steven was served with a notice of the filing of Jennifer's divorce petition. While the summons accompanying the petition directed Steven to file a written response or else suffer default in the action, Steven failed to respond in writing to the divorce petition. Instead, Steven made inquiry at the Utah court about the time, date, and place of hearing. He got no response to his inquiry, presumably because he never filed a written response, resulting in a default judgment of divorce without a hearing.

The petition for divorce was granted on June 16, 2005. The decree of divorce directed Steven to make child support payments for the Bromleys' two children during their minority. On

---

[2]Steven contests the paternity of this child. Whether or not the second child is his biological child is immaterial to my recommendation in this matter.

February 13, 2006, the State of Utah filed a petition in the divorce case seeking to modify the divorce decree to address the payment of the children's medical expenses.  Steven was served with the petition on February 24, 2006.

On February 27, 2006, in response to the petition, Steven filed a "Motion for Extension of Time" requesting an extension of fifteen days to prepare for a scheduled hearing, and also requesting court-appointed counsel.  On May 5, 2006, Steven filed a "Motion for Appointment of Counsel" and an "Affidavit in Support of Motion for Appointment of Counsel" and a "Memorandum of Law" in the divorce modification matter.  On the day of the hearing, May 11, 2006, the Utah court denied Steven's motions and entered Steven's default.  On June 6, 2006, the Utah court granted the petition to modify the support order.

In 2007, the State of New Hampshire, on behalf of the State of Utah, sought to register Utah's foreign support order with the New Hampshire state courts, pursuant to New Hampshire's Uniform Interstate Family Support Act, N.H. Rev. Stat. Ann. § 546-B:39, et seq., which allows a support order or income-withholding order issued by a tribunal of another state to be registered in New Hampshire for enforcement.  Plaintiff objected on the grounds

that the Utah state court lacked personal jurisdiction over him at the time it issued the order of which enforcement was sought. See N.H. Rev. Stat. Ann. § 546-B:45(I)(a) (providing for a defense to an enforcement action based on lack of personal jurisdiction). Finding that New Hampshire failed to demonstrate that plaintiff had been subject to the personal jurisdiction of the Utah court, and that, therefore the Utah court lacked personal jurisdiction over plaintiff, the New Hampshire Superior Court denied the petition to enforce, without prejudice to refiling, on February 21, 2008.

The State of New Hampshire refiled its petition in the New Hampshire Superior Court in May of 2008. Again, plaintiff objected on the grounds that the Utah court issuing the support order did not have personal jurisdiction over him. At the October 8, 2008 hearing held on the second petition, the Marital Master found that the Utah court issuing the order sought to be enforced had personal jurisdiction over plaintiff at the time of issuance. The New Hampshire Superior Court granted the state's motion on October 8, 2008.[3]

---

[3] At the November 13, 2008 hearing on this matter, the parties before the Court had not yet been notified of this Order. The Superior Court notified the parties of its October 8, 2008 Order on November 18, 2008.

Discussion

The Younger v. Harris abstention doctrine provides that federal courts should, in certain circumstances, abstain from entertaining cases involving issues that are the subject of currently pending state judicial proceedings when: (1) there is an ongoing state proceeding which is judicial in nature; (2) important state interests are involved; and (3) the plaintiff will have an adequate opportunity in the state proceeding to raise the constitutional challenges presented by the federal law suit.  401 U.S. 37, 43-44 (1971); see Huffman v. Pursue, Ltd., 420 U.S. 592, 603–05 (1975) (discussing that Younger is grounded in principles of comity and noting that federal courts should not, in certain circumstances, interfere with state courts); see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431–32 (1982) (applying the abstention defined in Younger, a criminal case, to civil cases); Brooks v. N.H. Sup. Ct., 80 F.3d 633, 638 (1st Cir. 1996).  "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by

the parties." <u>Casa Marie, Inc. v. Super. Ct.</u>, 988 F.2d 252, 262 (1st Cir. 1993).  Federal court intervention can be countenanced only where a plaintiff can show there is no opportunity to raise the federal issues in a state court, a state statute under attack is "flagrantly and patently violative of express constitutional prohibitions in every clause," or plaintiffs can show "bad faith, harassment, or any other unusual circumstances that would call for equitable relief."  <u>Younger</u> 401 U.S. at 53-54.

There is no doubt that the enforcement of child support orders is an important matter of state interest.  Further, none of the facts plaintiff alleges suggest that he has been denied an adequate opportunity in the state courts to adjudicate all of the issues raised in this action, including his federal constitutional claim.  Plaintiff makes no assertion that he was subjected to an unconstitutional state statute, or that he has been the victim of bad faith or harassment in the New Hampshire state court proceedings.  The state courts did not deny Mr. Bromley the opportunity to present his arguments; they simply denied him the relief he sought.

The New Hampshire Superior Court notified the parties of its order on November 18, 2008.  The parties have not notified this

Court as to whether or not Bromley has appealed that decision to the New Hampshire Supreme Court, whether there is an active appellate case, or whether the order of the New Hampshire Superior Court has become final.  In the event that plaintiff did appeal, however, and that a state court case is therefore ongoing, I recommend dismissal of this case based on the Younger abstention doctrine.[4]

The parties, at my direction, briefed additional issues of law after the evidentiary hearing pertaining to personal jurisdiction and the collateral estoppel effect, if any, of findings of fact made in the New Hampshire Superior Court order dismissing New Hampshire's first enforcement petition without prejudice to refiling.  Although the parties submitted additional filings, my decision on Younger grounds renders it inadvisable, in the interest of comity, for me to comment on the merits of the

---

[4]Should plaintiff have failed to file an appeal of the New Hampshire Superior Court's order in the New Hampshire Supreme Court, that failure would render the New Hampshire Superior Court's decision a final judgment in the state matter.  In that circumstance, this Court would likely be precluded from exercising jurisdiction over this action under the Rooker-Feldman doctrine, which provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463, (2006) (affirming principles established in D.C. Ct. App. v. Feldman, 460 U.S. 462, 476 (1983) and Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923)).

arguments made by the parties, as these are likely to be issues presented to the state courts for decision.

## Conclusion

As explained fully above, I recommend that this matter be dismissed, as this Court should abstain from entertaining this action. Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

*/s/ James R. Muirhead*
James R. Muirhead
United States Magistrate Judge

Date:   February 17, 2009

cc:     Steven L. Bromley, pro se
        John P. Soltis, III, Esq.
        Joni J. Jones, Esq.
        Nancy J. Smith, Esq.